# Matter of L-F-R-, Respondent

*Decided July 24, 2026*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) If an alien fails to pay the annual asylum fee within the prescribed deadline, the alien's asylum application should be pretermitted or deemed abandoned.

(2) The annual asylum fee and consequences for not paying it do not extend to an application for statutory withholding of removal or a request for protection under the regulations implementing the Convention Against Torture.

FOR THE RESPONDENT: Nera Shefer, Esquire, Scottsdale, Arizona

FOR THE DEPARTMENT OF HOMELAND SECURITY: Martha Vanessa Alvarez, Associate Legal Advisor

BEFORE: Board Panel: GORMAN, Deputy Chief Appellate Immigration Judge; VOLKERT, Appellate Immigration Judge; PICOS, Temporary Appellate Immigration Judge.

GORMAN, Deputy Chief Appellate Immigration Judge:

The respondent, a native and citizen of Cuba, appeals from the Immigration Judge's March 25, 2026, decision finding that she abandoned her application for asylum under section 208 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158 (2024), withholding of removal under section § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3) (2024), and protection under the regulations implementing the Convention Against Torture ("CAT").[1] The Department of Homeland Security ("DHS") opposes the appeal. The appeal will be sustained, and the record will be remanded.[2]

On January 13, 2025, the respondent timely filed an Application for Asylum and for Withholding of Removal ("Form I-589") before the

---

[1] The Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85 (entered into force for United States Nov. 20, 1994). 8 C.F.R. §§ 1208.16(c), 1208.17 (2026); 8 C.F.R. § 1208.18(a) (2020).

[2] The Board acknowledges the amicus briefs filed by the Asylum Seeker Advocacy Project, the National Immigration Project, and the National Immigrant Justice Center.

Immigration Judge. On February 12, 2026, the Immigration Judge set a deadline of March 16, 2026, for the respondent to pay the annual asylum fee as required by the One Big Beautiful Bill Act ("OBBBA"), Pub. L. No. 119-21, §§ 100001-100018, 139 Stat. 72, 364-85 (2025). *See* OBBBA § 100009 (codified at 8 U.S.C.A. § 1808 (West 2025)). When the respondent did not make this payment, the Immigration Judge pretermitted the respondent's Form I-589.[3] This appeal followed.

The Board sought supplemental and amicus briefing over several questions related to the asylum fees under the OBBBA. We asked in pertinent part: (1) whether the annual asylum fee applies only to applications for asylum under section 208 of the INA or if it also applies to applications for statutory withholding of removal and protection under the CAT; (2) if an Immigration Judge or Appellate Immigration Judge denies an asylum application through pretermission or abandonment for failure to comply with the annual asylum fee requirement, whether the related claims for statutory withholding and CAT protection submitted on the same Form I-589 must be considered; and (3) whether there are any consequences to an alien's applications for withholding and CAT protection when that alien fails to pay the annual asylum fee.

After considering these issues in detail, and as analyzed further below, we hold that the annual asylum fee is a statutorily required fee and the failure to pay the annual asylum fee is fatal to an alien's asylum claim. But, consistent with the plain language of the OBBBA, the annual asylum fee and consequences for not paying it do not extend to an application for statutory withholding of removal or a request for protection under the CAT.

In enacting the OBBBA, Congress, *inter alia*, established various fees for applications for asylum.[4] "In addition to any other fee authorized by law, . . . the Attorney General . . . shall require the payment of a fee, equal to the amount specified in this section, by any alien who files an application for

---

[3] While pretermitting the respondent's Form I-589, the Immigration Judge did not separately and explicitly order the respondent removed from the United States. "The regulation at 8 C.F.R. § 1240.12(c) . . . provides that the Immigration Judge's order will direct the alien's removal from the United States, the termination of the proceedings, or some other appropriate disposition of the case." *Matter of I-S- & C-S-*, 24 I&N Dec. 432, 433 (BIA 2008). Any error is harmless given our decision on appeal. However, Immigration Judges should take care to formally issue appropriate orders in all cases.

[4] The Attorney General recently updated the relevant regulations to account for the OBBBA's fees relating to asylum applications. *See* 8 C.F.R. §§ 1003.24(d), 1103.7(b)(4)(iii), 1208.3(a)(1) (2026); 91 Fed. Reg. 35369-02 (June 11, 2026).

asylum under section 1158 of this title at the time such application is filed." 8 U.S.C.A. § 1802(a) (West 2025).  Congress also established an additional annual asylum fee.  "In addition to any other fee authorized by law, for each calendar year that an alien's application for asylum remains pending, . . . the Attorney General . . . shall require the payment of a fee, equal to the amount specified in subsection (b), by such alien."  8 U.S.C.A. § 1808(a) (West 2025).

Congress has plainly stated that the Attorney General "shall require the payment of a fee."  This statutory command adds a new requirement for asylum eligibility.  The initial asylum fee must be paid "at the time such application is filed."  8 U.S.C. § 1802(a); *see also* 8 C.F.R. § 1208.3(a)(1) ("An asylum applicant must file Form I-589, Application for Asylum and for Withholding of Removal, together with any additional supporting evidence and proof of payment of the required application fee in accordance with the instructions on the form.").[5]  Such a payment is a threshold eligibility requirement, and, under the OBBBA, it may not be waived.  Likewise, the annual asylum fee is mandatory under the OBBBA, and it, too, may not be waived.

It is well-established that Immigration Judges have the authority to set filing deadlines.  8 C.F.R. § 1003.31(h) (2026); *Matter of R-C-R-*, 28 I&N Dec. 74, 77 (BIA 2020); *Matter of Interiano-Rosa*, 25 I&N Dec. 264, 265 (BIA 2010).  Consistent with this authority, Immigration Judges can set deadlines for paying the annual asylum fee, and, if an alien fails to pay the annual asylum fee within the prescribed deadline, the alien's asylum application should be pretermitted or deemed abandoned.[6]  The same holds true for Appellate Immigration Judges of this Board, as the OBBBA does not distinguish between proceedings in Immigration Courts and proceedings before this Board.

The parties agree that the OBBBA's fees apply to applications for asylum.  However, they disagree whether these fees additionally extend to requests for statutory withholding of removal or protection under the CAT. The respondent and amici argue that the OBBBA's plain language limits the asylum fee and the annual asylum fee to "an application for asylum under section 1158 of [the INA]."  8 U.S.C. § 1802(a).  They further contend that such fees do not apply to non-asylum forms of protection like withholding of

---

[5]   DHS has established similar regulations at 8 C.F.R. § 208.3(c)(3), (c)(6) (2026).

[6]   DHS has established regulations for paying the annual asylum fee.  *See* 8 C.F.R. §§ 106.2(c)(15) (2026), 208.3(c)(6).

removal and protection under the CAT. According to the respondent and amici, an Immigration Judge cannot pretermit non-asylum forms of protection from removal for failure to pay the asylum fee or annual asylum fee. DHS, by contrast, argues that an alien who requests asylum, statutory withholding of removal, and protection under the CAT must comply with the annual asylum fee requirements to have his or her application for each form of protection considered. DHS further argues that an Immigration Judge may deem an entire Form I-589 abandoned for failure to pay the annual asylum fee.

DHS relies on the OBBBA's use of the term "application for asylum." 8 U.S.C. §§ 1802(a), 1808(a). DHS notes that the phrase asylum application is specifically defined by regulation. The regulation at 8 C.F.R. § 1208.1(a)(1) (2020) expressly states that it applies "to all applications for asylum under section 208 of the Act or for withholding of deportation or withholding of removal under section 241(b)(3) of the Act, or under the Convention Against Torture, whether before an asylum officer or an immigration judge, regardless of the date of filing." The regulation goes on to provide that "[s]uch applications are hereinafter referred to as '*asylum applications*.'" *Id.* (emphasis added). The Attorney General's regulations use the terms "asylum application" and "application for asylum" interchangeably. *See, e.g.*, 8 C.F.R. § 1208.1(a)(2) (2020) (prohibiting the filing of an "application for asylum" by any alien physically present in or arriving in the Commonwealth of the Northern Mariana Islands). "An asylum application shall be deemed to constitute at the same time an application for withholding of removal." 8 C.F.R. § 1208.3(b) (2026). A single application, Form I-589, is the means to apply for asylum, withholding of removal, and protection under the CAT. *See* 8 C.F.R. § 1208.3(a)(1).

DHS thus contends that "asylum applications" as set forth in 8 C.F.R. § 1208.1(a)(1) necessarily include withholding of removal and protection under the CAT. According to DHS, the OBBBA's reference to an "application for asylum" must be interpreted in light of this longstanding regulatory construction as including the related protection of withholding of removal and CAT claims.

Our analysis must start with the plain language of the OBBBA. *See Jimenez v. Quarterman*, 555 U.S. 113, 118 (2009) ("As with any question of statutory interpretation, our analysis begins with the plain language of the statute."). The OBBBA refers solely to "an application for asylum under section 1158 of [the INA]" and an "application for asylum," respectively. 8 U.S.C. §§ 1802(a), 1808(a). The OBBBA's discussion of fees does not anywhere mention statutory withholding of removal, which is set forth in

section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3), an entirely different section of the INA; nor does it mention the regulations implementing the CAT. "The Supreme Court has repeatedly cautioned against reading words, elements, or implied exceptions into a statute." *Matter of Negusie*, 28 I&N Dec. 120, 126 (A.G. 2020) (citing *Dean v. United States*, 556 U.S. 568, 572 (2009), and *Bates v. United States*, 522 U.S. 23, 29 (1997)).

While DHS' argument about the regulatory definition of "asylum application" has persuasive force, it does not sufficiently establish that the plain language of the OBBBA necessarily includes statutory withholding of removal and protection under the CAT. Congress has at least once mentioned in the same subsection an application for asylum and an application for withholding of removal under both the INA and CAT. *See, e.g.*, INA § 212(l)(2), 8 U.S.C. § 1182(l)(2) (discussing "an application for withholding of removal under section 241(b)(3) of this Act or under the Convention Against Torture, or an application for asylum if permitted under section 208" in the context of the Guam and Northern Mariana Islands visa waiver program); *see also* INA § 214(k)(3)(C), 8 U.S.C. § 1184(k)(3)(C) (discussing "an application for withholding of removal" for certain nonimmigrants in possession of critical reliable information concerning a criminal organization or enterprise). "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (citation modified).[7] Congress thus can choose to mention applications for asylum, withholding of removal, and CAT claims, but did not otherwise do so in the OBBBA.

DHS concedes that the annual asylum fee does not apply in cases where an alien files a Form I-589 only for statutory withholding of removal or CAT protection, using the reasonable fear process as an example. *See* 8 C.F.R. § 1208.31(a), (c), (e) (2026). While not dispositive, this circumstance cuts in favor of concluding that the annual asylum fee does not apply to statutory withholding of removal and CAT protection generally, as the OBBBA language does not expressly refer to those forms of protection.

---

[7] The *Russello* presumption is not ironclad, and we have stated that "the principle described in *Russello* loses force as the statutory provisions being compared move apart from each other in time, space, subject matter, and structure." *Matter of D. Rodriguez*, 28 I&N Dec. 815, 817 (BIA 2024). Many of these factors might apply here, but those factors do not negate that Congress did not mention withholding of removal and CAT protection in the OBBBA's asylum fees.

Congress also has established different eligibility requirements for asylum and statutory withholding of removal. Asylum is a discretionary form of relief, while the others are not. Other differences include asylum's 1-year filing requirement. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). They also include differences in how crimes can be per se particularly serious crimes. *Compare* INA § 208(b)(2)(B)(i), 8 U.S.C. § 1158(b)(2)(B)(i) (establishing that all aggravated felonies are per se particularly serious crimes for asylum), *with* INA § 241(b)(3)(B), 8 U.S.C. § 1231(b)(3)(B) (establishing that an aggravated felony is a per se particularly serious crime for withholding of removal if the respondent was sentenced to an aggregate term of imprisonment of at least 5 years). A claim for protection under the CAT also requires "separate analytical attention" from asylum and statutory withholding of removal claims. *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). These factors also support the conclusion that the OBBBA's asylum fee and annual asylum fee apply only to applications for asylum.

Ultimately, while DHS' reliance on the regulatory definition of "asylum application" might very well result in a sound and coherent policy, that construction is not so well-settled that it overcomes the plain language of the OBBBA.[8] As noted, Congress understands how to reference applications for withholding of removal and protection under the CAT in legislation but did not explicitly include them in the context of the OBBBA. Given the plain language of the OBBBA, "we have no right to insert words and phrases, so as to incorporate in the statute a new and distinct provision." *United States v. Temple*, 105 U.S. 97, 99 (1881). The respondent's and amici's plain language arguments are the clearer reading of the statute.

In this case, the Immigration Judge set an appropriate deadline such that the respondent had sufficient notice and opportunity to pay the annual asylum fee. What constitutes enough time is a case-by-case determination, which is based on the specific facts and circumstances of each individual case. Here, the Immigration Judge gave the respondent sufficient notice and opportunity to pay the annual asylum fee. Once the respondent failed to pay the annual asylum fee as ordered, the Immigration Judge correctly and promptly denied asylum. However, it was error to pretermit the entire Form I-589 application. We thus remand the record solely for consideration of the respondent's claims for statutory withholding of removal and protection under the CAT.

---

[8]   We do not view the OBBBA as somehow negating the comprehensive regulatory framework noted by DHS. Rather, the OBBBA's annual asylum fee applies to an application for asylum, and we give effect to that plain language.

We express no opinion on the ultimate outcome of the case. The following orders will be entered.

**ORDER:** The respondent's appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion and for the entry of a new decision.